CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 2 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 7:12CR00015-03 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| CHAD DAVID ROBINSON, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Senior United States District Judge |

Defendant Chad David Robinson has filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the defendant's motion must be denied.

## Background

On February 16, 2012, a grand jury in the Western District of Virginia returned an indictment against Robinson. Count One of the indictment charged the defendant with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. On September 12, 2012, Robinson entered a plea of guilty to that count.

Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR"). In the PSR, the probation officer attributed more than 5 but less than 15 kilograms of methamphetamine to the defendant. That particular drug quantity and type resulted in a base offense level of 36 under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c) (2012). With a three-level reduction for acceptance of responsibility and a criminal history category of III, Robinson's guideline range would have been 168 to 210 months of imprisonment. However, Robinson was also found to be a career offender under U.S.S.G. § 4B1.1. As a result of the career offender designation, the base offense level calculated under § 2D1.1 was superseded by the

higher offense level determined by the career offender provision. See U.S.S.G. § 4B1.1(b) (providing that "the offense level from the table in this subsection shall apply" if it "is greater than the offense level otherwise applicable"). Application of the career offender provision ultimately resulted in a total offense level of 34, a criminal history category of VI, and an advisory guideline range of imprisonment of 262 to 327 months.

Robinson appeared for sentencing on December 14, 2012. At that time, the court adopted the PSR in its entirety, including the determination that the defendant qualified for sentencing under the career offender provision of the Guidelines. However, the court found that the career offender designation overstated Robinson's actual criminal history. Accordingly, the court departed from the applicable guideline range and "sentence[d] the defendant under the criminal history category and total offense level he would have carried without [the] designation as a career offender." Statement of Reasons 4, Dkt. No. 251. The court ultimately imposed a term of imprisonment of 168 months, the bottom of the post-departure range.

In 2015, the government moved to reduce Robinson's sentence for substantial assistance, pursuant to Federal Rule of Criminal Procedure 35(b). The court granted the motion and reduced the defendant's term of imprisonment to 126 months.

That same year, Robinson filed a pro se motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). This statute authorizes the court to reduce a defendant's term of imprisonment if the term was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The defendant relied on Amendment 782 to the Sentencing Guidelines, which reduced the base offense levels assigned to most drug

2

quantities in § 2D1.1 by two levels. Counsel subsequently filed a brief in support of the defendant's motion.

On May 10, 2016, the court denied the defendant's motion for reduction of sentence. The court determined that the defendant was not eligible for relief under § 3582(c)(2), since his guideline range as a career offender was not affected by Amendment 782. The court's decision was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. See United States v. Robinson, No. 16-6708 (4th Cir. July 20, 2017) (affirming for the reasons stated by the district court).

## Discussion

The defendant, through counsel, has filed a second motion for reduction of sentence pursuant to § 3582(c)(2) and Amendment 782. Relying on the Supreme Court's recent decision in Hughes v. United States, 138 S. Ct. 1765 (2018), the defendant argues that his sentence was based on the drug quantity guidelines rather than the career offender provision. For the following reasons, the court remains convinced that the defendant is not eligible for a sentence reduction.

The current motion is based entirely on the Supreme Court's ruling in Hughes. In that case, the "controlling issue" was "whether a defendant may seek relief under § 3582(c)(2) if he entered a plea agreement specifying a particular sentence under Federal Rule of Criminal Procedure 11(c)(1)(C)." Hughes, 138 S. Ct. at 1773. The Supreme Court had previously confronted the same question in Freeman v. United States, 564 U.S. 522 (2011). "Freeman ended in a 4-1-4 decision that left lower courts confused as to whether the plurality or the concurring opinion controlled." Id. at 1778 (Sotomayor, J., concurring). In Hughes, the Court "resolve[d] the uncertainty that resulted from [its] divided decision in Freeman," and held that "a sentence imposed pursuant to a [Rule 11(c)(1)(C) agreement] is 'based on' the defendant's Guidelines

3

range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." Id. at 1775. In the case before it, the district court "calculated Hughes' sentencing range and imposed a sentence that the court deemed 'compatible' with the Guidelines." Id. at 1778. "Thus, the sentencing range was a basis for the sentence" that the district court imposed. Id. Because "[t]hat range ha[d] 'subsequently been lowered by the Sentencing Commission'" through Amendment 782, the Supreme Court concluded that Hughes was eligible for relief under § 3582(c)(2).

Robinson's reliance on Hughes is misplaced for two reasons. First, unlike the plea agreement in Hughes, the plea agreement in the instant case did not include an agreed-upon sentence or sentencing range under Rule 11(c)(1)(C). See United States v. Frazier, 742 F. App'x 763, 764 n.* (4th Cir. 2018) ("Frazier's reliance on the Supreme Court's ruling in Hughes . . . is misplaced. Unlike in Hughes, Frazier's plea agreement did not include a sentencing stipulation pursuant to Fed. R. Crim. P. 11(c)(1)(C).").

Second, Amendment 782 did not have the effect of lowering the applicable guideline range in Robinson's case. As indicated above, § 3582(c)(2) authorizes the court to reduce a defendant's sentence only if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements" are those found in U.S.S.G. § 1B1.10. Dillon v. United States, 560 U.S. 817, 826 (2010). "A reduction is not consistent with applicable policy statements and therefore not authorized under § 3582(c)(2) if 'an amendment listed in [U.S.S.G. § 1B1.10(d)] does not have the effect of lowering the defendant's applicable guideline range.'" United States v. Nickens, 668 F. App'x 20, 21 (4th Cir. 2016) (quoting

4

U.S.S.G. § 1B1.10(a)(2)(B)). The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual." U.S.S.G. § 1B1.10 cmt. n.1(A).

As applied here, the "applicable guideline range" is the career offender range of 262 to 327 months derived from § 4B1.1 of the Sentencing Guidelines. Amendment 782, on which Robinson relies, "did not lower the offense levels applicable to career offenders" in § 4B1.1. United States v. Akers, 892 F.3d 432, 434 (D.C. Cir. 2018). Instead, "it impacted only offense levels calculated under the drug trafficking guideline, U.S.S.G. § 2D1.1." Id. Although the court ultimately departed from the career offender range at sentencing, "the 'applicable guideline range' remains the original pre-departure range." United States v. Webb, 760 F.3d 513, 520 (6th Cir. 2014); see also United States v. Muldrow, 844 F.3d 434, 441 (4th Cir. 2016) (agreeing with the Sixth Circuit that "'defendant's applicable guideline range under U.S.S.G. § 1B1.10 is his pre-departure guideline range'") (quoting United States v. Pembrook, 609 F.3d 381, 385 (6th Cir. 2010)). Because that range has not been lowered by any retroactively-applicable amendments to the Sentencing Guidelines, Robinson is not eligible for a sentence reduction under § 3582(c)(2). See United States v. Hall, 627 F. App'x 266, 267 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender (a Guidelines range from which the district court departed downward at sentencing), Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction.").

In short, the Supreme Court's decision in Hughes does not affect the outcome here. Although Hughes established that Rule 11(c)(1)(C) plea agreements are often based on the defendant's guideline range for purposes of a § 3582(c)(2) motion, it did not alter the requirement

that a reduction must be "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As indicated above, "[a] sentence reduction is not authorized if a Guidelines amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" United States v. Young, No. 18-7275, 2019 U.S. App. LEXIS 17377, at *2 (4th Cir. June 11, 2019) (quoting U.S.S.G. § 1B1.10(a)(2)(B)). Because Amendment 782 did not have the effect of lowering the defendant's applicable guideline range as a career offender, "he is not eligible for the requested sentence modification under § 3582(c)(2)." United States v. Gilchrist, 752 F. App'x 681, 682 (10th Cir. 2019) (decided post-Hughes); see also Young, 2019 U.S. App. LEXIS 17377, at *3 (emphasizing that Amendment 782 had no effect on the applicable guideline range in the defendant's case since it "did not change the career offender enhancement in U.S.S.G. § 4B1.1," and that "other circuit courts have rejected similar arguments post-Hughes") (citing Akers, 892 F.3d at 434).

## Conclusion

For all of these reasons, the court concludes that the defendant is not eligible for a sentence reduction under § 3582(c)(2). Accordingly, the defendant's motion must be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 12th day of August, 2019.

_____
Senior United States District Judge